IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ZANE PAUL DUGGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00996-O-BP |
| | § | |
| KEN PAXTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

**I.    LEGAL STANDARD**

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court."). An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

A court may properly deny relief when objections are not specific enough to comply with Rule 72(b). *See Cuza*, 2023 WL 3270064 at *1–2 (dismissing the pro se's petition that did "not point out specifically where he believes [the magistrate judge] erred, whether it be in her fact-finding, legal analysis, or otherwise"); *Meggett v. Ayala-Meggett*, No. SA-15-CV-339-XR, 2015 WL 13216434, at *2 (W.D. Tex. Dec. 11, 2015) (finding court was not required to conduct a *de novo* review where pro se plaintiff did "not attempt to offer specific objections to the [m]emorandum and [r]ecommendation, but rather, simply rehashe[d] the factual allegations that [were] contained in his [a]mended [c]omplaint"). A "district judge must only determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II.   ANALYSIS

At the outset, Plaintiff does not satisfy the requirements of Rule 72(b). Although the FCR notified Plaintiff of his right to file objections pursuant to Rule 72, his affidavits generally do not identify any *specific* finding or recommendation with which he takes issue.

Plaintiff's objections do not otherwise state a coherent basis or specify the place in the FCR where the disputed determination is found. Most importantly, Plaintiff does not specifically object to those findings that support the FCR's dismissal for failure to pay the filing fee or file a motion to proceed *in forma pauperis*. Instead, Plaintiff raises irrelevant arguments or arguments wholly disconnected from the case.[1] The FCR correctly determined that Plaintiff must pay the filing fee or file a motion for *in forma pauperis*.[2] Moreover, for those objections untethered to a specific

---

[1] *See, e.g.*, Pl.'s Aff. 2, ECF No. 9 (alleging that Judge Ray's Order "does not carry the force of a legitimate court order.").
[2] Findings, Conclusions, and Recommendation of the United States Magistrate Judge 2, ECF No. 8

finding in the FCR, the Court is not required to conduct a *de novo* review. *Cuza*, 2023 WL 3270064, at *1–2; *Meggett*, 2015 WL 13216434, at *2.

Liberally construing Plaintiff's affidavits as objections, the Court finds that all of the claims therein are irrelevant or fail to identify the particular finding or recommendation to which objection is made. For instance, Plaintiff's objections regarding the authority of the Magistrate Judge misunderstands that his case was transferred pursuant to Special Order 3-251 as a pro se party.

### III. CONCLUSION

Plaintiff fails to substantively or coherently engage with the bases for the recommended dismissal. He also, as a whole, fails to identify the particular finding or recommendation to which objection is made. After conducting a *de novo* review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are accepted as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

**SO ORDERED** on this **11th day** of **December, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3